**STATE of Missouri, Respondent,**

v.

**Hesilee FOSTER, Jr., Appellant.**

**No. KCD 29243.**

Missouri Court of Appeals, Kansas City District.

Aug. 28, 1978.

Leonard S. Hughes, III, Kansas City, for appellant.

Ralph L. Martin, Pros. Atty., Robert D. Lewis and Robert Frager, Asst. Pros. Attys., Kansas City, for respondent.

Before WELBORN, Special Judge, Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from conviction by the court of a misdemeanor, possession of "a quantity of marijuana, a Schedule I controlled substance." In question is the court's denial of defendant's motion to suppress evidence. Affirmed.

The evidence on both the motion to suppress and the case in chief was stipulated:

" * * * On May 14, 1976, there was a robbery in the 3000 block of Euclid at approximately 2:40 in the afternoon by two suspects. * * * Kansas City, Missouri police officers, James Standridge and Robert Watts arrived at the 3000 block of Euclid and were contacted by police officer R. Breedlove, who informed officers Standridge and Watts that the robbery suspects had run into the residence at 3009 Euclid. * * * Officers Watts and Standridge entered the residence at 3009 Euclid and contacted Officer Clifford who was speaking to Billy Buford, a robbery suspect whom Officer Clifford had found hiding in a second floor closet of the residence. * * *

[D]efendant gave no consent to enter premises and no waiver of search was signed.

" * * * Officer Standridge then entered a second floor bedroom and found William Smith, another robbery suspect hiding in a closet. Officer Standridge then placed Smith under arrest on the charge of robbery. Officer Standridge, Officer Watts and Officer Clifford then began a search of the remainder of the second floor of the house for further suspects. During this search, Officer Standridge was contacted by the defendant, HESILEE L. FOSTER, JR., who told Officer Standridge that the residence belonged to him. When a revolver was found in one of the bedrooms, the defendant HESILEE L. FOSTER, JR., stated that the gun was his; that he kept it for self-protection, and that the only matters he knew about were the revolver and a 'little weed.' After Officer Standridge had spoken to defendant Foster the officers observed a closet padlocked from the outside and was located inside a bedroom on the second floor. At that time, Officer Standridge asked Hesilee L. Foster, Jr., to open the door to the closet they just discovered. At that time Hesilee L. Foster, Jr., produced the keys to the door and opened it allowing the officers to observe the contents of the closet. Upon looking into the closet, Officer Standridge observed a brown paper bag containing five (5) plastic bags which contained a green leafy substance. In addition he observed a green cloth bag containing a .32 caliber five-shot revolver and four (4) bottles of Robitussin cough syrup. Upon finding the green leafy substance, Officer Standridge placed defendant under arrest for possession of narcotics.

" * * * the two robbery suspects in question were found in a second-floor bedroom that was located other than the one where the contraband was located. * * * The defendant stated that the bedroom where the contraband was found was his. * * * the contraband was marijuana, a Schedule I controlled substance, weighing in excess of 35 grams. * * * [The] premises were not in fact owned by Mr. Foster; that Mr. Foster, in fact, owns and resides at premises at 4203 Agnes, Kansas City, Missouri. * * * Mr. Foster was placed under arrest after discovery of contraband subsequent to search as described above."

Appellant does not question the sufficiency of the evidence to sustain his conviction; and he concedes the initial entry of 3009 Euclid was permissible under *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). To escape the application of that authority, he asserts the search of the closet was beyond the permissible scope of a search incident to an arrest, cites *Chimel v. California,* 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), and argues that the two robbery suspects already had been arrested in areas other than that which contained the marijuana. See also *Sibron v. New York,* 392 U.S. 40, 88 S.Ct. 8889, 20 L.Ed.2d 917 (1968); *Go-Bart Co. v. United States,* 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 (1931); *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971).

*Warden v. Hayden,* supra, recognizes that exigent circumstances may exist in which "[t]he Fourth Amendment does not require police officers to delay in the course of an investigation if to do so would gravely endanger their lives or the lives of others. Speed here was essential, and only a thorough search of the house for persons and weapons could have insured that Hayden was the only man present and that the police had control of all weapons which could be used against them or to effect an escape. * * * The permissible scope of search must, therefore, at the least, be as broad as may reasonably be necessary to prevent the dangers that the suspect at large in the house may resist or escape." 387 U.S. 1. c. 298, 87 S.Ct. 1. c. 1646.

The similarity of the facts and circumstances in *Warden v. Hayden,* supra, demonstrates that the exigent circumstances in Foster's case meet the test of *Warden v. Hayden* and that the search and seizure of the marijuana were reasonable and lawful. In *Warden v. Hayden,* a robbery occurred in Baltimore, Maryland, and a witness saw the

suspect enter a house at 2111 Cocoa Lane. Police arrived within minutes and, after receiving the information that the suspect had fled into the house, proceeded to search the house. One officer found Hayden in an upstairs bedroom; another found clothing of the type worn by the suspect in a washing machine in the basement. The clothing was not suppressed.

Judgment affirmed.

All concur.